**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**PEDRO ROMERO,**

                  **Petitioner,**

          **v.**

**CHRISTOPHER MILLER,**

                **Respondent.**

_____

**9:18-cv-381**
**(GLS/ATB)**

## <u>ORDER</u>

On April 18, 2019, Magistrate Judge Andrew T. Baxter issued a

Report-Recommendation (R&R), which recommends that petitioner *pro se*

Pedro Romero's petition for a writ of habeas corpus, (Pet., Dkt. No. 1), be

denied and dismissed.  (Dkt. No. 14.)  Pending before the court are

Romero's objections to the R&R.  (Dkt. No. 15.)

Only specific objections warrant de novo review.  *See Almonte v.*

*N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at \*3-5

(N.D.N.Y. Jan. 18, 2006).  Objections that are general, conclusory,

frivolous, or a mere reiteration of an argument already made to the

Magistrate Judge trigger only clear error review.  *See id.* at \*4-5.

To the extent that Romero raises specific objections, he

misapprehends the law.  For instance, Romero argues that he "did not

voluntarily elect to consent to the exercise of jurisdiction by the magistrate

judge," and that he, instead, "expected the entire panel of District Court

Judge's to consider his petition."  (Dkt. No. 15 at 2-3.)  The court has

previously recited the authority afforded both by statute and rule to refer

habeas corpus petitions to magistrate judges, and the standards of review

this court employs when evaluating all report and recommendation orders.

*See Almonte*, 2006 WL 149049, at *2-3.  Accordingly, Romero's argument

is fundamentally flawed because Romero does not have to "voluntarily

elect to consent" to Judge Baxter's review of his petition and proposed

recommendation.  *See* 28 U.S.C. § 636(b); N.D.N.Y. L.R. 72.1(a).  Further,

there are no "adverse substantive consequences," (Dkt. No. 15 at 2), to

Romero because all report and recommendation orders are reviewed by

the district court, and the district court "may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate

judge."  *Almonte*, 2006 WL 149049, at *3 (citations omitted).  Romero's

other "specific" objection fares no better.  Romero argues that Judge

Baxter's "iteration of the actual innocence standard are [sic] superfluous

and not at all relevant," (Dkt. No. 15 at 9), but, again, he is simply

mistaken.  Judge Baxter's analysis of an "actual innocence" claim is relevant, because it addresses Romero's argument that "if the court declines to address the procedurally defaulted claim, there will be a fundamental miscarriage of justice."  (Dkt. No. 14 at 16-17); *see Rivas v. Fischer*, 687 F.3d 514, 540-41 (2d Cir. 2012).

Romero's remaining arguments are general, conclusory, and reiterate his original arguments, and, thus, are reviewed only for clear error.  Finding no clear error, the R&R, (Dkt. No. 14), is adopted in its entirety.

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 14) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the petition (Pet.) is **DENIED and DISMISSED**; and it is further

**ORDERED** that no certificate of appealability pursuant to 28 U.S.C. § 2253(c) shall issue; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties. **IT IS SO ORDERED.**

November 5, 2019
Albany, New York

Gary L. Sharpe
Gary L. Sharpe
U.S. District Judge